UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BUILDING SERVICE 32B-J BENEFIT FUNDS,

**COMPLAINT**

07 CV 8381 (HB)

Plaintiffs,

-against-

GCA SERVICES GROUP, INC.

Defendant.

-----------------------------------------------------------------X

Plaintiffs, Building Service 32B-J Benefit Funds, (herein collectively referred to as the "Funds"), by their attorneys Raab, Sturm & Goldman, LLP, as and for their Complaint against GCA Services Group, Inc., (Defendant"), respectfully allege as follows:

## NATURE OF ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit fund, an employee pension benefit fund, an employee training and scholarship fund, an employee legal services fund, and an employee retirement savings fund for monetary and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and reports to the Funds. This Complaint alleges that by failing, refusing

or neglecting to pay and submit the required monetary contributions and/or reports to the Funds when due, Defendant violated its collective bargaining agreements, and the respective trust agreements of the Funds, and ERISA.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

   (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

   (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

   (c) 28 U.S.C. Section 1331 (federal question); and

   (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on defendant in any other district in which they may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4. The Funds are jointly-administered, multi-employer, labor-management trust Funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to

maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)).  The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with Local 32BJ Service Employees International Union, ("Union"), to invest and maintain those monies, and to distribute pensions, health and insurance benefits, and annuity payments to those employees eligible to receive them. The Funds maintain their offices and are administered at 101 Avenue of the Americas, New York, New York 10013, in the City, County, and State of New York.

    5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)).  The Union maintains its offices and is administered at 101 Avenue of the Americas, New York, New York 10013, in the City, County, and State of New York.

    6. Upon information and belief, at all times material hereto Defendant was and continues to be a for-profit domestic corporation doing business in the City and State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).  Further, upon information and belief, Defendant was party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*, Defendant became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, for Defendant's employees within the unit set forth in the Agreement with Union.

## AS AND FOR A FIRST CLAIM FOR RELIEF

7. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 6 of this complaint, as if fully set forth herein.

8. Pursuant to the Agreement, there became due and owing to Funds from Defendant the estimated amount of $537,377.53 as benefit contributions for the period beginning with July, 2006 through the quarter 4-6/2007.

9. To date, none of the contributions contractually due to the Funds has been paid by the Defendant, although all contributions have been duly demanded and the Funds have been damaged in the amount of $537,377.53.

10. The failure, refusal or neglect of Defendant to make the required contributions to plaintiffs' Funds constitutes a violation of the Agreement between Defendant and the Union with respect to which plaintiffs Funds are third-party beneficiaries.

11. Accordingly, Defendant is liable to the Funds for benefit contributions in the amount due for the period set forth above..

## AS AND FOR A SECOND CLAIM FOR RELIEF

12. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 11 of this Complaint, as if fully set forth herein.

13. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining

agreements.

14.     Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or submit the required monetary contributions and/or reports to plaintiffs Funds due. Such failure to make payment or timely payment and/or submit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

15.     Section 502 of ERISA (29 U.S.C. § 11132) provides that, upon a finding of an employee violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff Funds, the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiffs Funds' plan or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

16.     Accordingly, Defendant is liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

**WHEREFORE,** plaintiff Funds demand judgment:

a.      against Defendant for payment of all past due contributions in the estimated amount of $537,377.53 for the period beginning with July, 2006 through the 4-6/2007 quarter;

b.      against Defendant for accrued prejudgment interest on all contributions in accordance with ERISA § 502 (g)(2);

c.      against Defendant for statutory damages on all contributions now due and which

accrue during the pendency of this action, reasonable attorneys' fees and costs and disbursements in accordance with ERISA § 502(g)(2);

      d.    for such other and further relief as the Court deems just and proper.


Dated: New York, New York
       September 20, 2007

                                   RAAB, STURM & GOLDMAN, LLP

                           By: _____
                                 Michael Geffner (MG 6785)
                                 Attorneys for Plaintiffs Funds
                                 317 Madison Avenue
                                 New York, New York 10017
                                 Tel. 212- 683-6699
                                 Fax 212- 779-8596

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BUILDING SERVICES 32 B-J BENEFIT FUNDS :

                                    Plaintiff,

                                    **STATEMENT PURSUANT**
                                    **TO RULE 1.9**

    -against-

GCA SERVICES GROUP, INC.

                                Defendant,
-----------------------------------------------------------X

Pursuant to Rule 1.9 of the General Rules of the Southern District of New York and to enable judges and magistrates of the court to evaluate possible disqualification or recusal, the undersigned attorney of record for the Building Services 32 B-J Benefit Funds certifies that the following are corporate parents, subsidiaries, or affiliates of that party:

None

Dated: September 20, 2007

RAAB, STURM & GOLDMAN, LLP<br><br>
By: _____[signature]_____<br>
MICHAEL GEFFNER (MG-6785)<br>
317 Madison Avenue, Suite 1708<br>
New York, NY 10017<br>
(212) 683-6699