Maura J. Wogan (MW 9589)
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue, 9th Floor
New York, New York 10022
(212) 980-0120

*Attorneys for Defendant GCA Services Group, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
BUILDING SERVICE 32B-J BENEFIT FUNDS,          :
                                                :     07 CV 08381 (HB)
                Plaintiffs,           :
                                                :
  -v-                                             :     **ANSWER**
                                                :
GCA SERVICES GROUP, INC.,                       :
                                                :
                Defendant.            :
---------------------------------------------------------------X

      Defendant, GCA Services Group, Inc. ("GCA"), for its Answer to the Complaint of Plaintiffs, Building Service 32B-J Benefit Funds (the "Funds"), states as follows:

      1.     GCA is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of the Funds' Complaint, therefore denies those allegations.

      2.     Paragraphs 2 and 3 contain allegations of law, not fact, to which no response is required, except that Defendant admits that Plaintiffs purport to base jurisdiction and venue on the statutes identified in those paragraphs.

      3.     GCA is without sufficient information to either admit or deny the allegations contained in Paragraphs 4 and 5 of the Funds' Complaint, and therefore denies those allegations.

      4.     Answering Paragraph 6 of the Funds' Complaint, GCA admits that it is a Delaware corporation with its principal place of business in Cleveland, Ohio; that it operates for profit; that it conducts business in the State of New York and the City of New York, New York;

that it is an employer in an industry affecting commerce; and that it is a party to a collective bargaining agreement with Local 32BJ Service Employees International Union. GCA denies that it is a domestic New York corporation, and alleges that it is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 6 and, therefore, denies those allegations.

## COUNT ONE

5. Answering Paragraph 7 of the Funds' Complaint, GCA incorporates by reference Paragraphs 1 through 4 of this Answer as if fully set forth herein.

6. GCA is without sufficient information to either admit or deny the allegations contained in Paragraph 8 of the Funds' Complaint, therefore denies those allegations.

7. GCA denies the allegations in Paragraph 9 of the Funds' Complaint.

8. Answering Paragraph 10 of the Funds' Complaint, GCA denies that it failed, refused, or neglected to make required contributions to the Funds, and alleges that it is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 10, therefore denies those allegations.

9. GCA denies the allegations in Paragraph 11 of the Funds' Complaint.

## COUNT TWO

10. Answering Paragraph 12 of the Funds' Complaint, GCA incorporates by reference Paragraphs 1 through 9 of this Answer as if fully set forth herein.

11. GCA is without sufficient information to either admit or deny the allegations contained in Paragraph 13 of the Funds' Complaint, therefore denies those allegations.

12. GCA denies the allegations in Paragraph 14 of the Funds' Complaint.

13. GCA is without sufficient information to either admit or deny the allegations contained in Paragraph 15 of the Funds' Complaint, therefore denies those allegations.

14. GCA denies the allegations in Paragraph 16 of the Funds' Complaint.

### FIRST AFFIRMATIVE DEFENSE

15. The Funds' Complaint fails to state a claim against GCA upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

16. The Funds' Complaint violates Fed. R. Civ. P. 10(a) insofar as it does not "include the names of all the parties."

### THIRD AFFIRMATIVE DEFENSE

17. Some or all of the Plaintiffs Funds lack standing.

### FOURTH AFFIRMATIVE DEFENSE

18. The Funds' claims are barred in whole or in part by the doctrines of waiver, laches, and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

19. The Funds' claims are barred because GCA complied with all its statutory, regulatory, and contractual obligations.

WHEREFORE, Defendant GCA respectfully requests that the Funds' Complaint be dismissed; that judgment be entered for Defendant and against Plaintiffs, and that Defendant be

awarded its attorneys' fees, costs, and other expenses incurred herein, and such other relief as this Court deems just and proper.

Dated: New York, New York
       November 8, 2007

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: \_\_\_\_/s/ Maura J. Wogan_____
       Maura J. Wogan (MW 9589)
488 Madison Avenue
New York, New York 10022
212-980-0120

*Of Counsel*

W. Eric Baisden (Ohio Bar No. 0055763)
Jeffrey J. Lauderdale (Ohio Bar No. 0074859)
CALFEE, HALTER & GRISWOLD LLP
800 Superior Avenue, Ste. 1400
Cleveland, Ohio 44114-2688
Tel: 216-622-8200
(*Motions for Admission to be Filed*)

*Attorneys for Defendant GCA Services Group, Inc.*

## CERTIFICATE OF SERVICE

A copy of the foregoing Answer was served upon all counsel of record via the Court's electronic filing system on this <u>8th</u> day of November, 2007:

        /s/ Maura J. Wogan
One of the Attorneys for
Defendant, GCA Services Group, Inc.