UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BUILDING SERVICE 32B-J BENEFIT FUNDS,    :
                                         :
                          Plaintiffs,    :
                                         :   **07 Civ 8381 (HB)**
     -against-                           :
                                         :
                                         :
GCA SERVICES GROUP, INC.                 :
                                         :
                          Defendant.     :
------------------------------------------------------------------X

## PLAINTIFFS' MEMORANDUM OF LAW

### PRELIMINARY STATEMENT

The following memorandum is submitted in support of Plaintiff's motion for summary judgment.

### FACTS

The material facts are as set forth in the accompanying Statement of Material Facts and in the accompanying Affidavit of Carmen Melendez.

### POINT I

### SUMMARY JUDGMENT SHOULD ISSUE IN FAVOR OF PLAINTIFFS

Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1145, provides as follows:

> "Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement".

Section 502(g)(2) of ERISA, 29 U.S.C. 1132(g)(2), provides that:

"In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the Court shall award the plan:

(A) the unpaid contributions;
(B) Interest on the unpaid contributions;
(C) an amount equal to the greater of
(i) interest on the unpaid contributions; or
(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State Law) of the amount determined by the court under subparagraph (A),
(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan or, if none, the rate prescribed under Section 6621 of the Internal Revenue Code".

The provisions in Section 502(g)(2) for interest, liquidated damages, and legal fees are mandatory. Lewart v. Woodhull Care Center Associates, 549 F. Supp. 879 (SDNY 1982).

Plaintiffs have demonstrated the requisite material facts to obtain judgment against Defendant pursuant to the above-quoted statutory provisions. Plaintiffs have shown the following facts: a collective bargaining agreement between Defendant and Local 32BJ; a contractual obligation on Defendant's part to pay benefit contributions to the Funds; and the failure of Defendant to make contributions, in violation of the agreement. In addition, Plaintiff have shown that the extent of Defendant's current liability is based on records furnished by Defendant, thus estopping Defendant from disputing the amount of damages.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ...the moving party is entitled to a judgment as a matter of law." (Emphasis added). Fed. R. Civ. P. 56(c). Whatever minor quibbles Defendant may raise, Defendant cannot seriously dispute the

material facts established by Plaintiffs. Where the record as a whole cannot lead a rational trier of fact to find against the moving party, there is no "genuine issue for trial". <u>Matusushita Elec. Indust. Co. V. Zenith Radio Corp.</u>, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed 2d 538 (1986); <u>First Nat'l Bank v. Cities Serv. Co.</u>, 391 U.S. 253, 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968). Plaintiff have established their entitlement to judgment as a matter of law given the uncontroverted, material facts set forth in this motion, and summary judgment must lie. <u>Anderson v. Liberty Lobby Inc.</u>, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## CONCLUSION

For all the reasons set forth, summary judgment should be granted in favor of Plaintiffs.

Dated: New York, New York
March 6, 2008

Raab, Sturm, Goldman & Ganchrow, LLP

By: _____
Michael Geffner (MG-6785)
317 Madison Ave. Suite 1708
New York, New York 10017
Tel- (212)683-6699
Fax-(212)779-8596