Maura J. Wogan (MW-9589)
Nicole I. Hyland, Esq. (NH-7646)
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue, 10th Floor
New York, New York 10022
Tel.: 212-980-0120
Fax: 212-593-9175
mwogan@fkks.com
nhyland@fkks.com

W. Eric Baisden (Ohio Bar No. 0055763)
Jeffrey J. Lauderdale (Ohio Bar No. 0074859)
CALFEE, HALTER & GRISWOLD LLP
800 Superior Avenue, Ste. 1400
Cleveland, Ohio 44114-2688
Tel.: 216-622-8200
Fax: 216-241-0816
ebaisden@calfee.com
jlauderdale@calfee.com

*Attorneys for Defendant GCA Services Group, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUILDING SERVICE 32B-J BENEFIT FUNDS, Plaintiffs, -against- GCA SERVICES GROUP, INC., Defendant. | Case No. 07 Civ. 8381 (HB) **DEFENDANT'S RESPONSE TO STATEMENT OF MATERIAL FACTS** |

Pursuant to Local Rule 56.1(b), Defendant, GCA Services Group, Inc. ("GCA"), hereby responds to the Statement of Material Facts served and filed by Plaintiffs, Building Service 32B-J Benefits Funds (the "Funds"), as set forth below.

1. Agreed.

2. Agreed.

3. Agreed.

4. Agreed.

5. Disputed. GCA's contract with St. John's University terminated on August 2, 2007. *See* Affidavit of Marti Lincoln, dated march 24, 2008 ("Lincoln Affidavit"), at ¶4.

6. Agreed.

7. Disputed. GCA submitted remittance reports for the Fourth Quarter of 2006, and paid its contributions for that quarter in full. *See* Lincoln Affidavit, at ¶¶6-9.

8. Disputed. It is unclear how the Funds calculated the number contained in ¶8 of their Statement of Material Facts, as it is not supported by any calculation provided in the Funds' moving papers. In any event, because this number, at the very least, ostensibly contemplates an alleged underpayment for the Fourth Quarter of 2006, which, as stated above, was paid in full, the Funds' number is incorrect and, as a result, there is a dispute as to the veracity of this calculation. *See* Lincoln Affidavit, at ¶¶6-9, 15-16.

9. Agreed that such provisions exist in the Trust Agreements. However, the liquidated damages provision contained in those agreements is impermissible under ERISA and should be disregarded as a matter of law. ERISA provides that in a suit for contributions, the fund is entitled to interest on the missed contributions at the interest rate "provided under the plan" plus an amount equal to the greater of that interest or "liquidated damages provided for under the plan in an amount ***not in excess of 20 percent*** (or such higher percentage as may be permitted under Federal or State law) of the [unpaid contributions]." 29 U.S.C. §1132(g)(2)(C)

(emphasis added). The 24% per annum liquidated damages that the Funds seek far exceed the limits set forth in §1132(g)(2)(C).

Dated: New York, New York
March 24, 2008

CALFEE, HALTER & GRISWOLD LLP

By: ______________________

W. Eric Baisden (Ohio Bar No. 0055763)
Jeffrey J. Lauderdale (Ohio Bar No. 0074859)

800 Superior Avenue, Ste. 1400
Cleveland, Ohio 44114-2688
Tel.: 216-622-8200
Fax: 216-241-0816

*Attorneys for Defendant GCA Services Group, Inc.*